IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

DEBRA A. RYDER, Individually,  )   Civil No. 16-00065 HG-KSC
and as Personal Representative )
of the Estate of Robert Keawe  )
Ryder; BUDDY K. RYDER; and     )
WAILAU RYDER,                  )
                               )
                Plaintiffs,    )
                               )
                               )
          vs.                  )
                               )
MARTIN FRANK BOOTH; COUNTY OF  )
HAWAII; DOE POLICE OFFICERS;   )
DOE INDIVIDUALS 1-10; DOE      )
PARTNERSHIPS 1-10; DOE         )
CORPORATIONS 1-10; DOE         )
GOVERNMENTAL ENTITIES 1-10; and)
DOE ENTITIES 1-10,             )
                               )
                Defendants.    )
_____)

**ORDER GRANTING IN PART AND DENYING IN PART THE DEFENDANT COUNTY OF HAWAII'S MOTION TO DISMISS, WITH LEAVE TO AMEND (ECF NO. 7)**

Plaintiffs filed a Complaint in the Circuit Court of the Third Circuit, State of Hawaii, alleging violations of the United States Constitution, the Hawaii Constitution, and related state law tort claims.  The Defendant County of Hawaii removed the action to federal court.  The County now moves to dismiss all claims against it for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

The County's Motion to Dismiss (ECF No. 7) is **GRANTED IN**

1

**PART AND DENIED IN PART**, **WITH LEAVE TO AMEND.**


## PROCEDURAL HISTORY

On December 17, 2015, Debra A. Ryder, individually, and as personal representative of the Estate of Robert Keawe Ryder, Buddy K. Ryder, and Wailau Ryder filed a Complaint in the Circuit Court of the Third Circuit, State of Hawaii.  (ECF No. 1-2).

On February 16, 2016, the Defendant County of Hawaii ("the County") filed a Notice of Removal to the United States District Court for the District of Hawaii.  (ECF No. 1).

On February 22, 2016, the County filed DEFENDANT COUNTY OF HAWAII'S MOTION TO DISMISS and MEMORANDUM IN SUPPORT OF MOTION. (ECF Nos. 7; 7-1).

On March 9, 2016, Plaintiffs filed PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT COUNTY OF HAWAII'S MOTION TO DISMISS.  (ECF No. 11).

On March 22, 2016, the County filed DEFENDANT COUNTY OF HAWAII'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FILED ON FEBRUARY 22, 2016.  (ECF No. 15).

On March 30, 2016, the Court held a hearing on the County's Motion to Dismiss.  (ECF No. 18).


## BACKGROUND

Plaintiff Debra A. Ryder states that she is the mother of

2

decedent Robert Keawe Ryder ("Ryder"), and is suing Defendants Martin Frank Booth ("Defendant Booth") and the County of Hawaii ("the County") in her individual capacity, and as the personal representative of the Estate of Ryder. (Complaint at ¶¶ 1-2, ECF No. 1-2).

Plaintiffs Buddy K. Ryder and Wailau Ryder state that they are brothers of decedent Ryder. (Complaint at ¶ 3).

**Robert Ryder's Status as a Confidential Informant**

The Complaint alleges that from an unknown time to a period between late 2013 and early 2014, decedent Ryder served as a confidential informant for the County and the vice division of the County's police department. (Complaint at ¶ 9). Ryder aided the County's efforts to prosecute cases involving the possession and sale of illegal narcotics. (Id.) According to Plaintiffs, Ryder assisted in the County police department's investigation of Defendant Booth. (Id.)

**Knowledge of Defendant Booth's Criminal History**

Plaintiffs contend that during the period in which Ryder served as an informant, the County and its police department knew that Defendant Booth had prior convictions for felony offenses, a history of drug possession, drug distribution, and firearms charges. (Complaint at ¶ 10).

**The Importance of Protecting the Identity of Informants**

Plaintiffs state that the County and its police department

3

knew that protecting the identity of a confidential informant was
critical to the informant's safety.  (Complaint at ¶ 11).
According to Plaintiffs, the County recognized the dangerousness
of disclosing the details of operations that were supported by
confidential informants to anyone not involved in the
investigations or operations.  (<u>Id.</u>)  Plaintiffs maintain that
disclosure under such circumstances constituted improper,
unreasonable, and prohibited behavior.  (<u>Id.</u>)

**Failure to Protect Informants' Identities**

Plaintiffs allege that despite knowing the dangers
associated with the disclosure of confidential informants'
identities, the County did not create and enforce policies and
procedures designed to protect informants from the subjects of
criminal investigations.  (Complaint at ¶ 12).  Instead, the
County adopted a policy and practice of failing to safeguard the
identities of informants.  (<u>Id.</u>)  Plaintiffs also state that the
County failed to properly train and supervise its police
officers, so as to prevent the disclosure of informants'
identities. (<u>Id.</u> at ¶ 13).

**Disclosure of Decedent Ryder's Identity**

Plaintiffs contend that at some time before March 2014, the
County's vice division did not properly safeguard information
that revealed Ryder's status as a confidential informant.
(Complaint at ¶ 14).  As a result, Plaintiffs state that Ryder's

4

identity was exposed to Defendant Booth.  (<u>Id.</u>)

Defendant Booth murdered Ryder on March 11, 2014.
(Complaint at ¶ 14).

Plaintiffs state that they sought information regarding
Ryder's death.  (Complaint at ¶ 15).  According to Plaintiffs,
the County and its police department initially hid the nature and
circumstances of Ryder's death in an attempt to conceal their
complicity and responsibility for Ryder's murder.  (<u>Id.</u>)


<u>**STANDARD OF REVIEW**</u>

The Court must dismiss a complaint as a matter of law
pursuant to Federal Rule of Civil Procedure 12(b)(6) where it
fails "to state a claim upon which relief can be granted."  Rule
(8)(a)(2) of the Federal Rules of Civil Procedure requires "a
short and plain statement of the claim showing that the pleader
is entitled to relief."  When considering a Rule 12(b)(6) motion
to dismiss, the Court must presume all allegations of material
fact to be true and draw all reasonable inferences in favor of
the non-moving party.  <u>Pareto v. F.D.I.C.</u>, 139 F.3d 696, 699 (9th
Cir. 1998).  Conclusory allegations of law and unwarranted
inferences are insufficient to defeat a motion to dismiss.  <u>Id.</u>
at 699.  The Court need not accept as true allegations that
contradict matters properly subject to judicial notice or
allegations contradicting the exhibits attached to the complaint.

5

<u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th
Cir. 2001).

In <u>Bell Atl. Corp. v. Twombly</u>, the United States Supreme
Court addressed the pleading standards under the Federal Rules of
Civil Procedure in the anti-trust context.  550 U.S. 544 (2007).
The Supreme Court stated that Rule 8 of the Federal Rules of
Civil Procedure "requires more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action," and
that "[f]actual allegations must be enough to raise a right to
relief above the speculative level."  <u>Id.</u> at 555.

Most recently, in <u>Ashcroft v. Iqbal</u>, the Supreme Court
clarified that the principles announced in <u>Twombly</u> are applicable
in all civil cases.  129 S.Ct. 1937 (2009).  The Court stated
that "the pleading standard Rule 8 announces does not require
'detailed factual allegations,' but it demands more than an
unadorned, the-defendant-unlawfully-harmed-me-accusation."  <u>Id.</u>
at 1949 (citing <u>Twombly</u>, 550 U.S. at 555).  To survive a motion
to dismiss, a complaint must contain sufficient factual matter,
accepted as true, to state a claim to relief that is plausible on
its face.  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 570).  A claim has
facial plausibility when the plaintiff pleads factual content
that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged.  <u>Id.</u> (citing
<u>Twombly</u>, 550 U.S. at 556).  The plausibility standard is not akin

to a "probability requirement," but it asks for more than a sheer
possibility that a defendant has acted unlawfully.  Id. (quoting
Twombly, 550 U.S. at 556).  Where a complaint pleads facts that
are "merely consistent with" a defendant's liability, it "stops
short of the line between possibility and plausibility of
'entitlement to relief.'"  Id. (quoting Twombly, 550 U.S.
at 557).

     The complaint "must contain sufficient allegations of
underlying facts to give fair notice and to enable the opposing
party to defend itself effectively" and "must plausibly suggest
an entitlement to relief, such that it is not unfair to require
the opposing party to be subjected to the expense of discovery
and continued litigation."  AE ex rel. Hernandez v. Cnty. of
Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations
omitted).

## ANALYSIS

     The Defendant County of Hawaii ("the County") moves to
dismiss the Complaint.  The County argues that it owed no duty to
protect its confidential informant, Robert Keawe Ryder ("Ryder"),
from harm caused by third parties, including Defendant Martin
Frank Booth ("Defendant Booth").

     The County also seeks, in the alternative, summary judgment
in its favor.  Neither party, however, has filed a concise
statement of fact.  The parties have not complied with the local

rules of the United States District Court regarding motions for summary judgment.  See LR 56.1.

The parties have attached exhibits to their filings addressing the County's Motion to Dismiss.

**The County's Motion to Dismiss**

Exhibit B of the County's Motion to Dismiss appears to be a liability waiver form, which the County claims was signed by decedent Ryder.  (Ex. B of Def. Motion, ECF No. 7-4).  Exhibit C is a Declaration from Hawaii County police officer John McCarron, which attests to the veracity of the waiver form in Attachment B. (Ex. C of Def. Motion, ECF No. 7-5).  Exhibit D appears to be comprised of a state probation services "Updated Re-Sentencing Report" regarding Ryder, and a state court "Order of Resentencing" concerning Ryder.  (Ex. D of Def. Motion, ECF No. 7-6).

The Court will not review these exhibits, as they have not been provided to the Court in accordance with the Federal Rules of Civil Procedure and the Local Rules governing a Motion a Summary Judgment.  See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

**Plaintiffs' Opposition to the County's Motion to Dismiss**

Plaintiffs' Opposition also contained multiple exhibits. Plaintiffs attached a declaration from Debra A. Ryder that challenges the authenticity of the County's liability waiver

form.  (ECF No. 11-1).  Exhibits 1 and 2 of Plaintiffs'
Opposition appear to be minutes in the sentencing proceedings for
Defendant Booth.  (Exs. 1 and 2 of Plas. Opp, ECF Nos. 11-3; 11-4).

Plaintiffs' attachments will not be considered.  The Motion
before the Court is that of a Motion to Dismiss.  Neither party
has properly briefed a Motion for Summary Judgment.

**The County's Reply**

In its Reply, the County attached an additional eight
exhibits.  None of the attachments to the County's Reply will be
considered.

The Parties may not ignore the requirements for allowing the
Court to reach summary judgment.  The attempt to raise factual
issues is premature.

**A. CAUSES OF ACTION IN PLAINTIFFS' COMPLAINT**

The Complaint contains multiple causes of action.

Plaintiffs allege that the County's police officers violated
the United States Constitution and the Hawaii Constitution.
(Complaint at ¶ 8, ECF No. 1-2).

In **Count I** of the Complaint, the representative of the
Estate asserts a negligence claim against all Defendants for the
death of Ryder.

In **Count II**, Debra A. Ryder, Buddy K. Ryder, and Wailau

9

Ryder (the "Individual Plaintiffs") bring a claim of negligent infliction of emotional distress and a request for wrongful death damages against all Defendants.

In **Count III**, all Plaintiffs allege that the Defendant County, the Police Department, the Doe police officers, and the Doe individuals negligently caused Ryder to be attacked and murdered.

In **Count IV**, all Plaintiffs assert that Defendants' negligence caused decedent Ryder's pain and suffering.

In **Count V**, all Plaintiffs request punitive damages against Defendant Booth.

In **Count VI**, all Plaintiffs assert claims of negligent hiring, negligent training, negligent retention, and negligent supervision against the Defendant County, the Police Department, the Doe police officers, and the Doe individuals.

In **Count VII**, all Plaintiffs allege claims of negligent infliction of emotional distress and intentional infliction of emotional distress against the Defendant County, its police department, the Doe police officers, and the Doe individuals. Count VII also requests punitive damages against the Defendant County, the Police Department, its police officers, and the Doe individuals.

Only the County has moved for dismissal.

**B. ALLEGED CONSTITUTIONAL VIOLATIONS**

**1. The United States Constitution**

**a. The Court Construes Plaintiffs' Claim that the County's Police Officers Violated the United States Constitution as a Claim Pursuant to 42 U.S.C. § 1983**

Congress provides individuals with a private cause of action for alleged violations of the United States Constitution through 42 U.S.C. § 1983 ("Section 1983").  A plaintiff seeking redress for alleged unconstitutional harms need not invoke Section 1983, so long as the elements of a constitutional claim are pled. Johnson v. City of Shelby, Miss., 135 S. Ct. 346 (2014).  Section 1983 nonetheless controls the manner and scope of tort lawsuits alleging violations of the United States Constitution.  See Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 305-07 (1986).

Plaintiffs' Complaint does not reference 42 U.S.C. § 1983. The Court construes Plaintiffs' claim that the Defendant County's police officers violated the United States Constitution as a claim pursuant to Section 1983.  Johnson, 135 S. Ct. 346.

**b. Plaintiffs' Standing to Pursue a Claim Pursuant to Section 1983**

State law controls who may pursue a decedent's claim governed by 42 U.S.C. § 1983.  Estate of Cornejo ex rel. Solis v. City of L.A., 618 F. App'x 917, 919 (9th Cir. 2015).

Hawaii law permits the decedent's "legal representative" to

pursue his tort claims.  Haw. Rev. Stat. § 663-7.  The term,

"legal representative," has not been defined by statute or the

Hawaii Supreme Court.  Agae v. United States, 125 F.Supp.2d 1243,

1248 (D. Haw. 2000); see generally Haw. Rev. Stat. § 663.

The question of legal representation was considered in Agae,

125 F.Supp.2d 1243.  In Agae, the district court employed an

expansive interpretation of "legal representative," as used in

Haw. Rev. Stat. § 663:

> A legal representative, "in its broadest sense, means
> one who stands in place of, and represents the
> interests of another." Black's Law Dictionary 896 (6th
> ed. 1990). Examples include "the executor or
> administrator of an estate and a court appointed
> guardian of a minor or incompetent person." Id. "The
> term 'legal representatives' is not necessarily
> restricted to the personal representatives of one
> deceased, but is sufficiently broad to cover all
> persons who, with respect to his property, stand in his
> place and represent his interests, whether transferred
> to them by his act or by operation of law." Mutual
> Life Ins. v. Armstrong, 117 U.S. 591, 597, 6 S.Ct. 877,
> 29 L.Ed. 997 (1886).

125 F.Supp.2d at 1248.

At this juncture, it appears that Debra A. Ryder represents

the interests of the Estate and can be seen as the legal

representative of decedent Ryder's interests.

Plaintiffs Debra A. Ryder, Buddy K. Ryder, and Wailau Ryder

are the mother and brothers of decedent Ryder.  (Complaint at ¶¶

1; 3).  All three plaintiffs have filed suit in their individual

capacities.  Debra A. Ryder, however, has also filed suit as

"Proposed Personal Representative" of the Estate of Ryder.  (Id.

at p. 1).  Debra A. Ryder states that she is "seeking appointment as Personal Representative . . . in a separate probate proceeding."  (Id. at ¶ 2).

**Debra A. Ryder Has Prudential Standing as Legal Representative of the Estate of Ryder**

At this stage in the proceedings, Debra A. Ryder has sufficiently shown standing to pursue decedent Ryder's Section 1983 claim.  The Complaint seeks relief for harms committed against Ryder.  Debra A. Ryder has alleged that she stands in Ryder's place and represents his interests.  See Agae, 125 F.Supp.2d at 1248.  The Defendant County has not challenged Debra A. Ryder's asserted status as legal representative of the Estate.

**Buddy K. Ryder and Wailau Ryder Do Not Have Prudential Standing to Pursue Decedent Ryder's Section 1983 Claim**

Buddy K. Ryder and Wailau Ryder do not assert that they represent the interests of Ryder or his Estate.  Buddy K. Ryder and Wailau Ryder do not have standing to pursue decedent Ryder's Section 1983 cause of action.  See Estate of Cornejo ex rel. Solis, 618 F. App'x at 919 (federal court applying state law to determine survivorship standing).

Buddy K. Ryder and Wailau Ryder's Section 1983 claim is **DISMISSED WITHOUT PREJUDICE.**

The representative of the Estate, Debra A. Ryder, is the only plaintiff who has standing to pursue the Section 1983 cause of action against the Defendant County.

### c. The Estate's Section 1983 Claim Against the County

The Due Process Clause of the Fourteenth Amendment bars
municipalities from depriving "any person of life, liberty, or
property, without due process of law."  U.S. Const. amend XIV.
Failure to conform to the commands of the Constitution exposes a
municipality to a Section 1983 claim.  Monell v. Dep't of Soc.
Servs. of City of N.Y., 436 U.S. 658, 690 (1978).

Courts recognize that pursuant to the Fourteenth Amendment,
individuals have a liberty interest in their own bodily security.
Albright v. Oliver, 510 U.S. 266, 272 (1994); Kennedy v. City of
Ridgefield, 439 F.3d 1055, 1061 (9th Cir. 2006).  The liberty
interest, however, is directed towards protecting individuals
from the government's actions, not to shield persons from harm
caused by third parties.  DeShaney v. Winnebago Cnty. Dep't of
Soc. Servs., 489 U.S. 189, 196 (1989).

In rare circumstances, a municipality may have an
affirmative duty to protect individuals from violence inflicted
by third-party actors.  One such circumstance arises when the
actions of government officials affirmatively place the victim in
a position of danger (the "danger creation" exception), Wood v.
Ostrander, 879 F.2d 583, 589-90 (9th Cir. 1989), and the
officials' actions were the result of inadequate training or
supervision, the product of official policy, or were illustrative

14

of a pervasive custom within the governmental entity.  <u>Sunn v. City & Cnty. of Honolulu</u>, 852 F.Supp. 903, 908-09 (D. Haw. 1994).

### i. The "Danger Creation" Exception

To determine whether the "danger creation" exception applies, courts look to whether (1) a government official took affirmative actions that placed the victim in danger he otherwise would not have faced; (2) the danger was known or obvious; and (3) the official acted with deliberate indifference to that danger.  <u>Henry A. v. Willden</u>, 678 F.3d 991, 1002 (9th Cir. 2012) (citing <u>Kennedy</u>, 439 F.3d at 1062-64).  Each component of the "danger creation" exception analysis must be alleged for a claim to stand.  <u>Patel v. Kent Sch. Dist.</u>, 648 F.3d 965, 974 (9th Cir. 2011).

The Complaint has articulated a cause of action pursuant to the "danger creation" exception against the County.

### A. Affirmative Actions that Increased the Danger Ryder Faced as an Informant

The Complaint contends that the County's police officers' affirmative conduct created "an opportunity for [Booth] to [murder Ryder] that otherwise would not have existed," <u>Kennedy</u>, 439 F.3d at 1063 (internal quotations omitted) (quoting <u>L.W. v. Grubbs</u>, 974 F.2d 119, 121 (9th Cir. 1992)).  The Complaint asserts that the County's police officers followed a policy and

15

practice, under which officers "failed to properly safeguard information" that identified informants, including Ryder. (<u>Id.</u> at ¶ 14); <u>see</u> <u>also</u> <u>See</u> <u>Munger v. City of Glasgow Police Dep't</u>, 227 F.3d 1082, 1087 (9th Cir. 2000) (plaintiffs seeking to hold a police department responsible for the alleged unconstitutional actions of its officers must show that any constitution deprivation suffered "was visited pursuant to a police department custom or policy").  The Complaint asserts that but for the officers' failure, Defendant Booth would not have learned of Ryder's status and murdered him.

The Complaint sufficiently alleges that the affirmative actions of the County and its police officers placed Ryder in danger he otherwise would not have faced.

### B. Knowledge or Obviousness of the Danger

The Complaint alleges that at the time Ryder served as an informant, the County and its police officers had actual knowledge that Ryder's murderer, Defendant Booth, had prior convictions for felony offenses and had a history of drug possession, drug distribution, and firearms charges.  (Complaint at ¶ 10).

The Complaint contends that the County and its police officers knew, and recognized, that disclosing the identities of informants, especially to persons involved in drug trafficking

16

cases, creates a great risk to the safety of the revealed informants.  (Complaint at ¶ 11).

The Complaint sufficiently alleges that the danger of exposing a confidential informant's identity was known or obvious.  Henry A., 678 F.3d at 1002.


### C. Deliberate Indifference

The deliberate indifference standard requires a plaintiff to allege that a government official disregarded a known or obvious consequence of his actions.  Sanchez v. City of Fresno, 914 F. Supp. 2d 1079, 1102 (E.D. Cal. 2012) (quoting Bryan Cnty. v. Brown, 520 U.S. 397, 410 (1997)).

The Complaint states that despite knowing the substantial risks associated with the disclosure of a confidential informant's identity to a person like Defendant Booth, the County adopted a policy and practice of failing to safeguard informants' identities, which resulted in the disclosure of Ryder's role as an informant to Defendant Booth.  (Complaint at ¶¶ 11; 14).

The Complaint has sufficiently alleged that the County and its officers disregarded a known or obvious consequence to their actions.


The Defendant County's Motion to Dismiss the Estate's Section 1983 claim is **DENIED**.

## 2. The Hawaii Constitution

Hawaii courts have declined to recognize a direct private cause of action for violation of rights guaranteed under the provisions of the Hawaii Constitution. <u>Davis v. Abercrombie</u>, No. CIV. 11-00144 LEK-BMK, 2014 WL 3809499, at *15 (D. Haw. July 31, 2014); <u>Galario v. Adewundmi</u>, Civ. No. 07-00159 DAE-KSC, 2009 WL 1227874, at *11 (D. Haw. May 1, 2009) (reversed on other grounds) (granting summary judgment against a plaintiff because such a cause of action has not been recognized); <u>Makanui v. Dep't of Educ.</u>, 721 P.2d 165, 170 n. 2 (Haw. Ct. App. 1986).

Hawaii does not have a statutory or judicially created equivalent to 42 U.S.C. § 1983, the federal statute that permits a private cause of action for alleged violations of the United States Constitution. <u>Ilae v. Tenn</u>, No. CIV. 12-00316 ACK-KSC, 2013 WL 4499386, at *17 (D. Haw. Aug. 20, 2013).

Plaintiffs' claim for violation of their rights pursuant to the Hawaii Constitution is **DISMISSED WITH PREJUDICE.**


## C. STATE LAW CLAIMS IN PLAINTIFFS' COMPLAINT

The Court has found that the federal claim survives the Defendant County's Motion to Dismiss, therefore the Court has supplemental jurisdiction over Plaintiffs' state law claims that survive the Motion. <u>See</u> 28 U.S.C. § 1367(a).

Hawaii municipalities, such as the Defendant County, are generally "subject to the state's tort laws in the same manner as any other private tortfeasor."  The County therefore may be liable for state law torts that its agents committed.  Kahale v. City and Cnty. of Honolulu, 90 P.3d 233, 241 (Haw. 2004); see also Haw. Rev. Stat. § 662-2.  The general rules of tort liability apply when a municipality's employees are accused of committing an intentional tort.  Dawkins v. City of Honolulu, 761 F.Supp.2d 1080, 1094 (D. Haw. 2010).  The key question is whether the employees acted within the course and scope of their employment.  Id.

Plaintiffs' Complaint lists a number of state law claims against the County, including negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, negligent supervision, negligent hiring, negligent training, and negligent retention.  The Complaint also requests damages pursuant to Hawaii's wrongful death statute, as well as punitive damages against the County.

**Count I: The Estate of Ryder's Negligence Claim for the Death of Ryder**

Hawaii state law recognizes four elements of a valid negligence claim:

    (1) A duty, or obligation, recognized by the law,

        requiring the defendant to conform to a certain

19

standard of conduct, for the protection of others

against unreasonable risks;

(2) A failure on the defendant's part to conform to the

standard required: a breach of the duty;

(3) A reasonably close causal connection between the

conduct and the resulting injury; and

(4) Actual loss or damage resulting to the interests of

another.

Molfino v. Yuen, 339 P.3d 679, 682 (Haw. 2014).

Hawaii courts generally do not recognize a duty of police departments to provide police protection to individuals. Ruf v. Honolulu Police Dep't, 972 P.2d 1081, 1088 (Haw. 1999) (quoting Freitas v. City and Cnty. of Honolulu, 574 P.2d 529, 532 (Haw. 1978)). An exception, however, applies to plaintiffs who allege that "police action has increased the risk of harm and there is negligence in providing protection against the enhanced danger." Ruf, 972 P.2d at 1088.

The Complaint alleges the existence of "circumstances creating a duty owed by police officers or the [County] to take some affirmative action for the protection of [Ryder]." Fochtman v. Honolulu Police & Fire Departments, 649 P.2d 1114, 1116 (Haw. 1982). According to the Complaint, the County and its officers knew that divulging the identities of informants creates a

20

substantial risk to the safety of the unmasked confidential
informants.  (Complaint at ¶ 11).  The Complaint alleges that the
County and its police officers were aware that Defendant Booth
had prior convictions for felony offenses, and had a history of
drug possession, drug distribution, and firearms charges.  (Id.
at ¶ 10).  Despite knowing about the dangers associated with the
disclosure of informants' identities and Defendant Booth's
criminal history, the County had a policy and practice of failing
to safeguard the identities of confidential informants.  (Id. at
¶ 12); see Williams v. United States, 711 F.Supp.2d 1195, 1210
(D. Haw. 2010) (recognizing liability where a government policy
increases the risk of harm).  The Complaint asserts that as a
result of the County's policy and practice, the County's officers
allowed Ryder's status an informant to be divulged to Defendant
Booth.  (Complaint at ¶ 14).  The Complaint contends that but for
the disclosure, Booth would not have identified and murdered
Ryder.  See Fochtman, 649 P.2d at 1116 (precluding summary
judgment because a trier of fact could conclude that the police
officers' actions worsened the plaintiff's situation).

    The Complaint has articulated a claim against the County
containing all four elements of a prima facie negligence claim:
duty, breach, causation, and damages.  See Molfino, 339 P.3d at
682 (establishing the elements of a negligence claim).

The County's Motion to Dismiss the Estate's negligence claim for Ryder's death is **DENIED**.

**Count II: The Individual Plaintiffs' Request for Damages Pursuant to the Wrongful Death Statute**

A wrongful death action "is derivative of the decedent's injury and dependent for its viability upon the nature of the harm suffered by the decedent." In re Haw. Fed. Asbestos Cases, 854 F.Supp.702, 712 (D. Haw. 1994).  Hawaii's wrongful death statute permits the deceased's legal representative, dependants, and certain family members, to maintain an action in damages against the party that caused or is responsible the death. Haw. Rev. Stat. § 663-3.

Debra A. Ryder states that she is the mother of decedent Ryder.  (Complaint at ¶ 2).  Hawaii law includes parents in the class of persons who may pursue a wrongful death action.  See Haw. Rev. Stat. § 663-3(b).

Buddy K. Ryder and Wailau Ryder are brothers of decedent Ryder.  (Complaint at ¶ 3).  The wrongful death statute, however, does not include siblings in its class of qualified family members.  See Haw. Rev. Stat. § 663-3(b); Smith-Marras v. Gen. Nutrition Corp., No. CV-15-00188 LEK-KSC, 2015 WL 8492026, at *2 (D. Haw. Dec. 10, 2015) (observing that the wrongful death statute confers standing to "persons identified in the statute").

22

If Buddy K. Ryder and Wailau Ryder were dependents of decedent
Ryder, they would have a claim to request damages pursuant to the
wrongful death statute.  <u>See</u> Haw. Rev. Stat. § 663-3(b)
(providing standing to dependents of decedents).

Buddy K. Ryder and Wailau Ryder's request for damages
pursuant to the Hawaii Wrongful Death Statute is **DISMISSED
WITHOUT PREJUDICE.**

The County's Motion to Dismiss Debra A. Ryder's request for
damages pursuant to the Hawaii Wrongful Death Statute is **DENIED**.


**Counts II and VII: Plaintiffs' Negligent Infliction of Emotional
Distress Claim**

The negligent infliction of emotional distress ("NIED") tort
is a subset of the general negligence cause of action, tailored
to situations in which the alleged actual injury to the plaintiff
is psychological distress alone.  <u>Doe Parents No. 1 v. State,
Dep't of Educ.</u>, 58 P.3d 545, 579-80 (Haw. 2002).  Hawaii law
nonetheless recognizes an independent cause of action for
negligent infliction of emotional distress.  The elements of an
NIED claim are:

(1) that the defendant engaged in negligent conduct;

(2) that the plaintiff suffered serious emotional
    distress;

(3) that such negligent conduct of the defendant was a

23

legal cause of the serious emotional distress; and

(4) some injury to person or property occurred.

Molokai Veterans Caring For Veterans v. Cnty. of Maui, No. CIV. 10-00538 LEK-RLP, 2011 WL 1637330, at *29 (D. Haw. Apr. 28, 2011); Doe Parents No. 1, 58 P.3d at 580-81.

The Estate of Ryder and the Individual Plaintiffs have each stated an NIED claim.

The Complaint asserts that as a result of the unwarranted disclosure of his identity, Ryder was attacked and murdered, and each plaintiff suffered severe mental and emotional distress. (Complaint at ¶¶ 22; 42). As described in the Complaint, the conduct of the County and its officers could leave "a reasonable man, normally constituted, . . . unable to adequately cope with the mental stress engendered by the circumstances of the case." See Soone v. Kyo Ya Co., 353 F. Supp. 2d 1107, 1117 (D. Haw. 2005) (quoting Rodrigues v. State, 472 P.2d 509, 520 (Haw. 1970)).

The Estate has sufficiently alleged an NIED claim, as any emotional, mental, or psychological harm Ryder suffered leading up to his death "was a reasonably foreseeable consequence of the defendant's act" against him. Rodrigues, 472 P.2d at 521; Tran v. State Farm Mut. Auto. Ins. Co., 999 F.Supp.1369, 1375-76 (D. Haw. 1998).

24

Similarly, the Individual Plaintiffs have also articulated individual NIED claims.  Hawaii courts recognize that "there is a duty to refrain from the negligent infliction of serious mental distress" to family members of the injured party, as they are foreseeable plaintiffs in NIED claims.  See First Ins. Co. of Haw. v. Lawrence, 881 P.2d 489, 496 (Haw. 1994); Leong v. Takasaki, 520 P.2d 758, 766 (Haw. 1974).

The County's Motion to Dismiss Plaintiffs' NIED claims is **DENIED**.


**Count III: Plaintiffs' Claim that the County's Negligence Caused Ryder to be Attacked and Murdered**

As with Count I, the Estate in Count III has stated a claim that the County was negligent, and the direct cause of that negligence was to facilitate Defendant Booth's attack and murder of decedent Ryder.  (Complaint at ¶¶ 10-14);  Williams, 711 F.Supp.2d at 1210 (recognizing liability where a government policy increases the risk of harm).  The Complaint asserts that but for the County's negligence, Defendant Booth would not have attacked and murdered Ryder.  See Fochtman, 649 P.2d at 1116.

The County's Motion to Dismiss the Estate's claim that the County's negligence caused Ryder to be attacked and murdered is **DENIED**.

The Individual Plaintiffs may not pursue a cause of action in Count III.  The County owed no duty of reasonable care to protect them from Defendant Booth's actions.  In contrast, the Complaint sufficiently alleges that the County owed a duty of reasonable care to decedent Ryder, as its officers increased the risk of physical harm Ryder faced from the disclosure of his status as an informant.  <u>Ruf</u>, 972 P.2d at 1095.

The Hawaii Supreme Court has recognized that when one person is injured by a tort, other individuals have "no right to sue for the injury itself."  <u>Halberg v. Young</u>, 41 Haw. 634, 635 (1957) (overruled on other grounds).  Similarly, other courts around the country have recognized that "[a]n action for damages resulting from a tort can only be sustained by the person directly injured thereby, and not by one claiming to have suffered collateral or resulting injuries."  <u>Nat'l Roofing, Inc. v. Alstate Steel, Inc.</u>, 366 P.3d 276, 277 (N.M. Ct. App. 2015); <u>Albala v. City of N.Y.</u>, 434 N.Y.S.2d 400, 403 (N.Y. App. Div. 1981), *aff'd*, 54 N.Y.2d 269 (1981) ("a wrong committed against one which results in damage to another is not actionable by the other").

The Individual Plaintiffs' claim that the County's negligence caused Ryder to be attacked and murdered is **DISMISSED WITH PREJUDICE.**

**Count IV: Plaintiffs' Claim that the County's Negligence Caused Ryder's Pain and Suffering**

As with Counts I and III, the Estate in Count IV has stated a claim that the County was negligent, and as a result of that negligence, Ryder experienced considerable pain and suffering. (Complaint at ¶¶ 10-14); Williams, 711 F.Supp.2d at 1210 (recognizing liability where a government policy increases the risk of harm).  The Complaint asserts that but for the County's negligence, Defendant Booth would not have caused Ryder pain and suffering.  See Fochtman, 649 P.2d at 1116.

The County's Motion to Dismiss the Estate's claim that the County's negligence caused Ryder's pain and suffering is **DENIED**.


As with Count III, the Individual Plaintiffs may not pursue a cause of action in Count IV, as the County's duty of reasonable care extends only to Ryder.  See Ruf, 972 P.2d at 1095; Halberg, 41 Haw. at 635.

The Individual Plaintiffs' claim that the County's negligence caused Ryder to be attacked and murdered is **DISMISSED WITH PREJUDICE.**


**Count V: Plaintiffs' Request for Punitive Damages Against Defendant Booth**

The Court will not address Plaintiffs' claim in Count V, as

27

it is against only Defendant Booth.

**Plaintiffs' Causes of Action in Count VI**

    **A. Negligent Supervision**

Hawaii law recognizes two types of claims alleging negligent supervision: one that seeks relief from acts occurring outside the scope of employment, and one that seeks relief from acts that happened in the scope of employment. Black v. Correa, No. CV 07-00299 DAE-LEK, 2007 WL 3195122, at *10-11 (D. Haw. Oct. 30, 2007).

The Complaint seeks to hold the County liable on the basis that it negligently failed to supervise its officers, who acted "in the course and scope of their employment as Hawaii County Police Officers." (Complaint at ¶ 6).

A negligent supervision claim based on allegations that the County's officers acted within the scope of their employment is based on the *respondeat superior* theory of liability. Black, 2007 WL 3195122 at *10-11. To state a claim, Plaintiffs must allege the four elements of negligence: duty, breach, causation, damages, and assert that the County officers' negligent acts occurred within the scope of their employment. Dowkin v. Honolulu Police Dep't, No. CIV. 10-00087 LEK-RLP, 2010 WL 4961135, at *8 (D. Haw. Nov. 30, 2010).

The Estate of Ryder has sufficiently alleged a negligent supervision claim.  The Complaint states that the County had a unreasonable practice and policy that failed to protect the identities of confidential informants, including Ryder. According to the Complaint, the County's lack of oversight and supervision over how the police officers handled such information resulted in the disclosure of Ryder's identity to Defendant Booth.  (Complaint at ¶¶ 10-14).

The County's Motion to Dismiss the Estate's negligent supervision claim is **DENIED**.

### B. Negligent Hiring

Hawaii law requires employers "to exercise reasonable care in hiring individuals who, because of the nature of their employment, may pose a threat of injury to members of the public." Janssen v. Am. Haw. Cruises, Inc., 731 P.2d 163, 166 (Haw. 1987).  To state a claim of negligent hiring, a plaintiff must allege that:

   (1) the defendant owed a duty of care to the plaintiff;

   (2) the defendant breached that duty by hiring an

        employee, even though the defendant knew, or

        should have known, of the employee's dangerous

        propensities;

(3) the plaintiff suffered monetarily compensable

   physical or emotional injuries; and,

(4) the breach of the duty was the proximate cause of

   plaintiff's physical or emotional injuries.

See Murphy v. Lovin, 284 P.3d 918, 928 (Haw. Ct. App. 2011), *as corrected* (Jan. 10, 2012) (approving jury instruction listing the elements of negligent hiring).

The key to a claim of negligent hiring is foreseeability. If an employer was not on notice as to the hired employee's dangerous propensities, the employer cannot be held liable as a matter of law. Fraser v. Cnty. of Maui, 855 F. Supp. 1167, 1184 (D. Haw. 1994). The foreseeability analysis extends to the question of who may pursue a negligent hiring claim. Hawaii law restricts an employer's duty of care "to those 'who are foreseeably endangered by the conduct and only with respect to those risks or hazards whose likelihood made the conduct unreasonably dangerous.'" Murphy, 284 P.3d at 931 (quoting Janssen, 731 P.2d at 165-66).

The Complaint does not allege that at the time the County hired its officers, it knew or should have known of any officer's dangerous propensities.

The Estate's negligent hiring claim against the County is **DISMISSED WITHOUT PREJUDICE.**

30

### C. Negligent Retention

The Hawaii courts have not established the exact elements of a negligent retention claim.  Dowkin v. Honolulu Police Dep't, No. CIV. 10-00087 LEK-RLP, 2012 WL 3012643, at *3 (D. Haw. July 23, 2012).  A valid negligent retention claim nonetheless contains the elements of an ordinary negligence cause of action, from which it is derived.  See Howard v. Hertz Corp., No. CIV. 13-00645 SOM-KSC, 2014 WL 5431168, at *4 (D. Haw. Oct. 23, 2014) (citing Doe Parents No. 1, 58 P.3d 545).

The Complaint states in conclusory fashion that the County "has and had [a] mandatory duty of care to properly and adequately . . . retain . . . its police officers[,] so as to avoid unreasonable risk of harm to persons affected by the actions of police officers." (Complaint at ¶ 38).  The Complaint, however, does not include any factual allegations as to whether the County knew or should have known that its officers could be responsible for the disclosure of an informant's identity, but continued to retain them.  Cf. Howard, 2014 WL 5431168 at *4 (finding that the plaintiff stated a claim for negligent retention, where the complaint alleged that the defendant became aware that an employee posted harassing content online, but continued to retain the employee).

31

The Estate's negligent retention claim against the County is
**DISMISSED WITHOUT PREJUDICE.**


### D. Negligent Training

The elements of a negligent training claim have not been
established by the Hawaii courts.  <u>Dowkin</u>, 2012 WL 3012643 at *3.
As with claims of negligent hiring, however, Hawaii law would
appear to require plaintiffs to show foreseeability of harm.
<u>Otani v. City & Cnty. of Haw.</u>, 126 F. Supp. 2d 1299, 1308 (D.
Haw. 1998) *aff'd sub nom.*, 246 F.3d 675 (9th Cir. 2000).  A
plaintiff must allege that "a particular job task poses a
foreseeable risk of harm if performed without adequate training."
<u>Howard</u>, 2016 WL 316781 at *7.

While there is no Hawaii case directly on point, the
California courts require a plaintiff seeking relief on a
negligent training cause of action to allege that (1) the
employer negligently trained the employee regarding the
performance of his job duties, (2) which led the employee, in the
course of executing his job duties, (3) to cause an injury or
damages to the plaintiff.  <u>Garcia ex rel. Marin v. Clovis Unified
Sch. Dist.</u>, 627 F.Supp.2d 1187, 1208 (E.D. Cal. 2009).

The Complaint contains sufficient allegations to support a
claim for negligent training.  The Complaint asserts that the

32

County did not adequately train its officers to safeguard the identities of confidential informants.  (Complaint at ¶ 38).  The Complaint alleges that as a result, Ryder's status as a confidential informant was disclosed to Defendant Booth, who murdered him.

The County's Motion to Dismiss the Estate's negligent training claim is **DENIED.**

**The Count VI Claims by the Individual Plaintiffs**

As with the negligence causes of action in Counts III and IV, the Individual Plaintiffs may not pursue any of the claims in Count VI.  The County owed no duty to the Individual Plaintiffs to conduct its supervision, hiring, retention, or training with reasonable care.  In contrast, the Complaint sufficiently alleges that the County owed a duty of reasonable care to decedent Ryder, as its officers increased the risk of physical harm Ryder faced from the disclosure of his status as an informant.  <u>Ruf</u>, 972 P.2d at 1095.

The Hawaii Supreme Court has recognized that when one person is injured by a tort, other individuals have "no right to sue for the injury itself."  <u>Halberq</u>, 41 Haw. at 635.

The Individual Plaintiffs' claims in Count VI are **DISMISSED WITH PREJUDICE.**

**Count VII: Plaintiffs' Intentional Infliction of Emotional Distress Claim**

An intentional infliction of emotional distress ("IIED") claim in Hawaii is comprised of four elements:

(1) the act that caused the harm was intentional or reckless;

(2) the act was outrageous;

(3) that the act caused;

(4) extreme emotional distress to another.

Young v. Allstate Ins. Co., 198 P.3d 666, 692 (Haw. 2008).

Hawaii law does not require a plaintiff to assert that the defendant's conduct was directed at him.  Ritchie v. Wahiawa Gen. Hosp., 597 F.Supp.2d 1100, 1110 (D. Haw. 2009).  A defendant may be liable for IIED if the plaintiff alleges that the defendant acted recklessly and in deliberate disregard of a high probability that emotional distress will result from his or her conduct.  Id. (quoting Restatement (Second) Torts Section 46, cmt. i (1965)).

The nature of an IIED claim "requires conduct exceeding all bounds usually tolerated by decent society and which is of a nature especially calculated to cause, and does cause, mental distress of a very serious kind."  Hac v. Univ. of Haw., 73 P.3d 46, 60 (Haw. 2003) (internal citation omitted).  A sufficiently outrageous act is one that occurs "without just cause or excuse

34

and beyond all bounds of decency," <u>Enoka v. AIG Haw. Ins. Co., Inc.</u>, 128 P.3d 850, 872 (Haw. 2006), such that community members may exclaim, "Outrageous!" <u>Young</u>, 198 P.3d at 692-93 (internal quotations and citation omitted).

The term "extreme emotional distress" includes, "mental suffering, mental anguish, nervous shock, and other highly unpleasant mental reactions." <u>Enoka</u>, 128 P.3d at 872.

The main thrust of the Complaint is that the County's police department had a policy or practice that did not protect the identity of confidential informants.  The Complaint alleges that the police department's officers maintained this policy or practice, despite knowing the dangers associated with the disclosure of confidential informants' identities and Defendant Booth's extensive criminal history and dangerousness.  (Complaint at ¶¶ 10; 12).  As a result, Ryder's status as an informant was disclosed to Defendant Booth, who murdered Ryder.  (<u>Id.</u> at ¶ 14).  Plaintiffs allege that each of them suffered "severe mental and emotional distress."  (<u>Id.</u> at ¶ 45).

Plaintiffs have alleged sufficient facts to state an IIED claim.  The reckless or intentional disclosure of confidential informants' identities to dangerous and unauthorized individuals may rise to the level of "outrageousness."  See <u>Annan Yartey v. Honolulu Police Dep't</u>, 475 F.Supp.2d 1041, 1050 (D. Haw. 2007)

("Allegations of conduct that threaten a person's liberty lend support to a claim for IIED").

The Defendant County's Motion to Dismiss Plaintiffs' IIED claim is **DENIED.**


**Count VII: Plaintiffs' Punitive Damages Request as to the County**

Municipalities, such as the Defendant County, are not liable for punitive damages related to alleged violations of the United States Constitution.  City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).  Hawaii law also bars state litigants from pursuing punitive damages against municipalities.  Eager v. Honolulu Police Dep't, No. CV 15-00098 JMS-KSC, 2016 WL 471282, at *6 (D. Haw. Feb. 4, 2016) (citing Lauer v. Young Men's Christian Ass'n of Honolulu, 557 P.2d 1334, 1342 (Haw. 1976)).

Plaintiffs' request for punitive damages against the County is **DISMISSED WITH PREJUDICE.**


<u>**CONCLUSION**</u>

The Defendant County of Hawaii's Motion to Dismiss (ECF No. 7) is **GRANTED IN PART AND DENIED IN PART, WITH LEAVE TO AMEND**, as follows:


**I.** The following causes of action against the Defendant County of

36

Hawaii are **DISMISSED WITH PREJUDICE**:

(1)   Plaintiffs' claim pursuant to the Hawaii Constitution.

(2)   Within **Count III**: The Individual Plaintiffs' claim that the County's negligence caused Ryder to be attacked and murdered.

(3)   Within **Count IV:** The Individual Plaintiffs' claim that the County's negligence caused Ryder's pain and suffering.

(4)   Within **Count VI**: The Individual Plaintiffs' negligent supervision claim.

(5)   Within **Count VI**: The Individual Plaintiffs' negligent hiring claim.

(6)   Within **Count VI**: The Individual Plaintiffs' negligent retention claim.

(7)   Within **Count VI**: The Individual Plaintiffs' negligent training claim.

(8)   Within **Count VII**: Plaintiffs' request for punitive damages against the Defendant County.


**II.** The following causes of action against the Defendant County of Hawaii are **DISMISSED WITH LEAVE TO AMEND**:

(1)   Buddy K. Ryder and Wailau Ryder's Section 1983 claim.

(2)   Within **Count II**: Buddy K. Ryder and Wailau Ryder's request for damages pursuant to the Hawaii Wrongful Death Statute,

37

Haw. Rev. Stat. § 663-3.

(3)   Within **Count VI**: The Estate of Ryder's negligent hiring

claim.

(4)   Within **Count VI**: The Estate's negligent retention claim.


Plaintiffs shall have until June 15, 2016 to file an Amended

Complaint to reassert these causes of action.  If Plaintiffs fail

to do so, they are dismissed with prejudice without further

action from the Court.


**III.** The following causes of action against the Defendant County

of Hawaii **SURVIVE**:

(1)   Debra A. Ryder's Section 1983 claim, as legal representative

of the Estate of Ryder.

(2)   Within **Count I:** The Estate's negligence claim for the death

of Ryder.

(3)   Within **Count II**: Debra A. Ryder's request for damages

pursuant to the Hawaii Wrongful Death Statute.

(4)   Within **Count II**: The Individual Plaintiffs' negligent

infliction of emotional distress claim.

(5)   Within **Count III:** The Estate's claim that the County's

negligence caused Ryder to be attacked and murdered.

(6)   Within **Count IV:** The Estate's claim that the County's

negligence caused Ryder's pain and suffering.

(7) Within **Count VI**: The Estate's negligent supervision claim.

(8) Within **Count VI**: The Estate's negligent training claim.

(9) Within **Count VII**: Plaintiffs' negligent infliction of emotional distress claim.

(10) Within **Count VII**: Plaintiffs' intentional infliction of emotional distress claim.

IT IS SO ORDERED.

DATED: May 11, 2016, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Debra A. Ryder, Individually, and as Personal Representative of the Estate of Robert Keawe Ryder; Buddy K. Ryder; and Wailau Ryder v. Martin Frank Booth; County of Hawaii; Doe Police Officers; Doe Individuals 1-10; Doe Partnerships 1-10; Doe Corporations 1-10; Doe Governmental Entities 1-10; and Doe Entities 1-10; Civil No. 16-00065 HG-KSC; **ORDER GRANTING IN PART AND DENYING IN PART THE DEFENDANT COUNTY OF HAWAII'S MOTION TO DISMISS, WITH LEAVE TO AMEND (ECF NO. 7)**
39